# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3781-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BOBBY Q. PERRY, a/k/a
BOBBY PENNY,

     Defendant-Appellant.

_____

Submitted June 4, 2019 – Decided June 21, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-01-0049.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Jennifer Davenport, Acting Prosecutor of Union County, attorney for respondent (Reana Garcia, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bobby Perry appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The facts revealed by the trial record were outlined in our opinion on direct appeal, State v. Perry, No. A-1686-12 (App. Div. Aug. 27, 2014) (Perry I), the Supreme Court's opinion on direct appeal, State v. Perry, 225 N.J. 222, 226-29 (2016), and our opinion on remand, State v. Perry, No. A-1686-12 (App. Div. Aug. 24, 2016) (Perry II), and need not be repeated in full here. Defendant was charged with sexually and physically assaulting a woman he had been casually dating. During the attack, defendant repeatedly sexually assaulted the victim, struck her face with a closed fist, and repeatedly threatened further violence unless she complied with his demands. The victim suffered facial injuries including a loosened tooth and a lacerated lip that required eleven stitches to close. The injuries were observed by police officers from two police departments and a sexual assault nurse.

A Union County Grand Jury indicted defendant on first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). Tried to a jury, defendant was convicted of second-degree sexual assault and

third-degree aggravated assault, but acquitted of aggravated sexual assault. The trial court sentenced defendant to concurrent prison terms of eight years for the sexual assault, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(a), and three years for the aggravated assault. Megan's Law applied, N.J.S.A. 2C:7-1 to -23, and defendant was sentenced to parole supervision for life, N.J.S.A. 2C:43-6.4.

Defendant appealed his conviction and sentence. In a split decision in Perry I, we reversed and remanded for a new trial, holding the DNA evidence of an unidentified semen stain, which did not belong to defendant, found on shorts the victim was wearing the night of the assault, was relevant to prove defendant's theory the victim's ex-boyfriend perpetrated the assault. The dissent concluded "the trial court properly applied the Rape Shield Law, N.J.S.A. 2C:14-7, to exclude the DNA evidence proffered by defendant that served only to establish the victim engaged in sex with an unknown third party." Perry I, slip op. at 22 (Guadagno, J., dissenting). The Supreme Court concluded "the semen found on the victim's shorts constituted inadmissible evidence of 'sexual conduct' within the meaning of the Rape Shield Law, and was not relevant to defendant's third-party guilt defense." Perry, 225 N.J. at 226. The Court reversed, reinstated

defendant's conviction, and remanded for this court to consider the remaining issues.

On remand in Perry II, we rejected defendant's arguments that: (1) the trial court erred by improperly admitting 404(b) evidence that defendant hated women and belonged to a gang; (2) the State committed prosecutorial misconduct throughout the trial by elaborating on the virtues of the victim, disparaging the defense witness, and inflaming the passions of the jury; (3) the cumulative impact of the errors denied defendant a fair trial; and (4) the trial court erred by finding aggravating factor nine and by failing to find mitigating factor twelve. We affirmed defendant's conviction and sentence. The Supreme Court denied certification. State v. Perry, 228 N.J. 477 (2017).

Defendant filed a pro se petition for PCR, which raised the same grounds he raised on direct appeal. Defendant's appointed counsel raised the following issues:

> POINT I: THE INDICTMENT SHOULD HAVE BEEN DISMISSED IN ITS ENTIRETY BECAUSE OF IMPROPER GRAND JURY PROCEEDINGS.
>
> POINT II: [DEFENDANT] WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO TESTIFY ON HIS OWN BEHALF.
>
> POINT III: [DEFENDANT'S] FUNDAMENTAL RIGHT TO HAVE THE JURY FAIRLY EVALUATE

4

THE EVIDENCE WAS SEVERELY PREJUDICED BY COMMENTS MADE IN THE PROSECUTOR'S SUMMATION.

POINT IV: THE TRIAL COURT DENIED [DEFENDANT] HIS RIGHT TO A FAIR TRIAL BY IMPARTIAL JURY AND HIS DUE PROCESS RIGHT TO A FAIR TRIAL BECAUSE OF IMPROPER CHARGES TO THE JURY.

POINT V: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

POINT VI: THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

POINT VII:[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT VIII: AN EVIDENTIARY HEARING IS REQUIRED WITH REGARD TO THE ALLEGATIONS OF DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

POINT IX: THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATION[S].

Following oral argument, Judge Robert J. Mega issued an order and twenty-seven page opinion denying the petition without an evidentiary hearing.[1]

---

[1] Judge Mega also presided over the pre-trial proceedings and the trial.

A-3781-17T4

The PCR court found defendant could have raised the issues in Points I, II, III, and IV on direct appeal but did not. The court concluded those arguments were thereby barred by Rule 3:22-4. Despite that conclusion, the court addressed the merits of each of the arguments.

As to Point I, the court noted "challenges to a defective indictment are ordinarily waived unless raised prior to trial," citing Rule 3:10-2(c). After surveying the law regarding dismissal of an indictment, including the principle that "[e]rrors during the grand jury proceedings are typically deemed cured if the petit jury finds the defendant guilty," the court reviewed the testimony of Detective William Fuentes, the sole witness presented to the grand jury. The trial court found:

> the Grand Jury hearing transcript does not support [defendant's] contentions. Det. Fuentes testified relying on his experience as an experienced law enforcement officer, not an expert. In fact, when asked if he could determine how long ago the victim's injuries occurred, Det. Fuentes stated that he was not qualified to do so. Instead, Det. Fuentes relied on his own personal observations and interactions with the victim and his interactions with other victims complaining of fresh injuries during his fifteen-year career in law enforcement. It is clear to this [c]ourt that the Grand Jury dutifully performed its functions and did not abdicate its responsibilities.
>
> . . . [T]he Grand Jury transcript reveals that [defendant's] contentions lack merit. It is highly

unlikely that a motion to dismiss the indictment would have been successful.

As to Point II, defendant argued that as a result of trial counsel's ineffective representation he was deprived of the ability to make an informed decision whether to testify in his own defense. Defendant contends that even though trial counsel provided him with a copy of the initial discovery, she did not review it with him or provide him with copies of the supplemental discovery concerning the nature and extent of the victim's injuries. He further claimed trial counsel did not discuss the State's witnesses or their likely testimony. Defendant alleges trial counsel told him not to testify without explaining why it would not be in his best interest.

The PCR court reviewed the colloquy between the trial court, trial counsel, and defendant regarding waiver of the right to testify. After being sworn, defendant stated he had reviewed the Waiver Not to Testify form with trial counsel and signed it. He said he had enough time to go over the form with his attorney and did not need more time to do so. When asked if it was his choice to give up his right to testify, defendant answered, "Yes." Defendant also said he had no questions for the court or trial counsel. Finally, when asked if he was satisfied with trial counsel's advice and his discussion with her, defendant answered, "Yes." Based on this testimony, the PCR court concluded:

7

[defendant] was informed of his right to testify, consulted with counsel on the issue, and decided he would exercise his right not to take the stand. While [defendant] submitted a certification purporting to explain the underlying reasons he did not testify in his own defense, a close review reveals [defendant's] certification is nothing more than a mere parroting of the allegations contained in his brief. While [defendant's] allegations are the sort that may give rise to an ineffective assistance of counsel claim, the record is devoid of any objective proof which would elevate them above bald assertions. Therefore, as [defendant's] claim is without merit, it is denied as a basis for post-conviction relief.

As to Point III, defendant argued trial counsel was ineffective by failing to object to several instances of alleged prosecutorial misconduct during summation. Defendant claimed the prosecutor improperly presented the summation in personal terms using personal pronouns and expressed a personal opinion regarding the veracity of the victim's version of the events. The State argued the prosecutor's comments were fair and responsive comments on the evidence when viewed in the context of defendant's summation. The State noted trial counsel lodged an objection and obtained a curative instruction by the trial court.

The PCR court found defendant had raised the issue of the prosecutor's comments during summation regarding the credibility of the victim on direct appeal. The PCR court noted we rejected the argument, stating: "We find the

8

prosecutor's summation did not amount to prosecutorial misconduct that so exceeded the bounds of propriety that defendant was denied a fair trial," quoting Perry II, slip op. at 16. While defendant rebranded his claim of prosecutorial misconduct by alleging the prosecutor presented summation in personal terms and with personal opinions, the PCR court found "this issue was raised in a substantially equivalent manner on appeal," and was barred by Rule 3:22-5. Nevertheless, the PCR court addressed the merits of the arguments and found:

> the assistant prosecutor's comments were within the purview of reasonable inferences to be drawn from the evidence presented, and therefore, the statements were proper. The assistant prosecutor's commentary on the veracity of the witnesses and the reliability of the victim's testimony was offered in response to defense counsel's assertion that the victim was making up "fantastical" stories. The assistant prosecutor was permitted to respond to defense counsel's arguments as long as her comments do not stray beyond the evidence. While it may be ideal for trial counsel to avoid phrasing things in "personal terms," opening and closing remarks are not delivered in a vacuum. A review of the transcript reveals that both the assistant prosecutor and defense counsel utilized personal pronouns in their comments to the jury and [defendant] was not unduly prejudiced as a result. Furthermore, it must once again be highlighted that defense counsel successfully objected to and obtained a curative instruction from the [c]ourt regarding the grade of victim's dental injury. Thus, trial counsel's failure to object to the assistant prosecutor's statement neither departed from the objective professional standard nor prejudiced [defendant]. Thus, as [defendant's] claim is without

merit, the claim is denied as a basis for post-conviction relief.

As to Point IV, the PCR court noted the trial court had issued curative instructions following trial counsel's objections to the State's summation, the severity of the victim's dental injury, and the evidence the jury should consider during its deliberations. The court concluded the claim lacked merit.

The PCR court commented on the degree of success achieved by both trial and appellate counsel. "Trial counsel successfully obtained an acquittal on the first-degree aggravated [sexual] assault charge . . . despite the evidence presented by the State supporting this charge . . . . Appellate counsel identified the Rape Shield issue and successfully argued for a reversal before the New Jersey Supreme Court." The court noted trial and appellate counsel are not obligated to raise or advance arguments that "are obviously frivolous or specious."

The PCR court concluded defendant had not made a prima facie showing of ineffective assistance of trial or appellate counsel. The court found the claim appellate counsel was ineffective was unsubstantiated, noting the record does not show "appellate counsel's performance fell below the objective professional standard." The PCR court held defendant was not entitled to an evidentiary hearing or PCR.

10

Defendant then filed this appeal, raising the following argument:

DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FAILURE OF TRIAL COUNSEL TO CALL THE DEFENDANT TO TESTIFY AT TRIAL.

Based on our review of the record and the applicable law, we conclude this argument lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(2). We affirm substantially for the reasons stated by Judge Mega in his cogent written opinion. We add the following comments.

Our analysis is guided by well-established legal standards. PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). As the PCR court did not hold an evidentiary hearing, we undertake a de novo review. State v. Parker, 212 N.J. 269, 278 (2012).

Under the Sixth Amendment, a criminal defendant is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted

11

defendant must satisfy the two-part test enunciated in <u>Strickland</u> by demonstrating: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. <u>Ibid.</u>; <u>accord</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Fritz</u>, 105 N.J. at 52 (quoting <u>Strickland</u>, 466 U.S. at 687). Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>State v. Harris</u>, 181 N.J. 391, 432 (2004) (quoting <u>Strickland</u>, 466 U.S. at 694).

Essentially, defendant reasserts the same arguments he raised before the PCR court. We agree with Judge Mega's characterization of defendant's allegations as mere bald assertions unsubstantiated by objective proofs. Before the PCR judge and in this appeal, defendant's petition did not make a prima facie showing of ineffective assistance of counsel, nor did it involve "material issues of disputed fact" incapable of resolution through "reference to the existing record." <u>R.</u> 3:22-10(b). Accordingly, an evidentiary hearing was not required and PCR was not appropriate.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3781-17T4